IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEVIN BERNARD HARMON<br>#16360-016 | : |
| Petitioner | : |
| v. | :     Civil Action No: AW-06-304 |
| LISA J.W. HOLLINGSWORTH, Warden | : |
| Respondent | : |

o0o

**MEMORANDUM**

Before the Court is a pro se 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Kevin Bernard Harmon, a federal prisoner incarcerated in the Federal Correctional Institution (FCI) in Cumberland, Maryland. Petitioner claims his parole revocation hearing has been unlawfully delayed, and he has been improperly denied a probable cause hearing. As relief, he asks the Court to order the U.S. Parole Commission to conduct a probable cause hearing. Respondent, by counsel, has filed a Response in opposition and has moved to dismiss the Petition. No hearing is necessary. See Local Rule 105.6. After careful review of the pleadings, exhibits and applicable law, the Court will deny and dismiss the Petition.

I. Facts

Petitioner is a federal offender and a District of Columbia parole violator originally sentenced in the District of Columbia Superior Court on January 9, 1992, to a five to fifteen-year sentence for Possession of a Firearm During a Crime of Violence or Dangerous Offense, and to a one to three-year sentence for Attempted Robbery, a total term of six to eighteen years. On May 1998, the D.C. Board of Parole ordered Petitioner released on parole to a U.S. Marshals Service

detainer.  Petitioner was paroled to the detainer on June 2, 1998.  At the time of his parole, he had a full term date on his eighteen-year District of Columbia sentence of July 28, 2009.

On July 22, 1999, Petitioner was arrested while on parole for possessing a weapon, ammunition, and cocaine base. On August 2, 1999, the D.C. Board of Parole issued a detainer parole violator warrant for his arrest based on the new criminal conduct.

On August 17, 1999, a three-count indictment filed in the United States District Court for the District of Columbia charged Petitioner with Unlawful Possession of a Firearm by a Convicted Felon, Unlawful Possession of Ammunition by a Convicted Felon and Unlawful Possession with Intent to Distribute Cocaine Base.  On April 14, 2000, Petitioner pleaded guilty to the firearm and ammunition charges.  On July 14, 2000, the federal district court imposed concurrent eighty-three- month terms on the two counts to which he had pleaded guilty and dismissed the cocaine base charge.

Petitioner began serving his new federal sentence on July 14, 2000, with the parole violator warrant issued August 2, 1999, filed as a detainer. The BOP awarded Petitioner jail credit against his federal sentence for 358 days, from July 22, 1999, to July 13, 2000.[1] Petitioner was incarcerated at FCI Cumberland when his federal sentence expired on October 18, 2005, with good time credit, and the BOP took him into custody under the D.C. Board of Parole's warrant that same day.  A revocation hearing was conducted on March 15, 2006. [2]

---

[1] On July 24, 2000, pursuant to the National Capital Revitalization and Self-Government Act of 1997, the Court Services and Offender Supervision Agency transferred jurisdiction over the D.C. Board of Parole's warrant for Petitioner and his case file to the U.S. Parole Commission.  Paper No. 5, Exhibit I.

[2] In accordance with 28 C.F.R. §2.98(g), the warrant became a U.S. Parole Commission warrant.  See Paper No. 5, Exhibit J at 2-3, Exhibit K.

At the time Petitioner was paroled by the D.C. Board of Parole on June 2, 1998, he had 4,037 days remaining on his District of Columbia sentence. Paper No. 5, Exhibit J. at 3. The time started to run again when the parole violator warrant was executed on October 18, 2005. See id. Petitioner's full term on his District of Columbia sentence at the time of parole was July 28, 2009, and the BOP will compute the new full term date after the Parole Commission issues its revocation decision. See id. at Exhibit D; Exhibit J at 4.

II.  Analysis

    A.  Probable Cause Hearing

Title 28 of the Code of Federal Regulations at § 2.101(a) states that a D.C. parolee "who is retaken and held in custody...on a warrant issued by the [Parole] Commission, and who *has not been convicted of a new crime*, shall be given a probable cause hearing by an examiner of the Commission no later than five days from the date of such retaking." (Emphasis added). See Rose v. Bledsoe, 2005 WL 2372156 (W.D. Va. September 23, 2005) (ruling that §2.101 does not apply where the parolee incurred a new conviction prior to the execution of the warrant), citing Moody v. Daggett, 429 U.S. 78, 86 n. 7 (1976).  Under the facts presented here, Petitioner was not entitled to a probable cause hearing after his arrest on the August 2, 1999, parole violator warrant because *he had been convicted of a new crime* that was committed while on parole. (Emphasis added).  Consequently, 28 C.F.R. § 2.101 does not apply, and Petitioner's request for a probable cause hearing will be denied.

    B.  Revocation Hearing

Title 28 of the Code of Federal Regulations at § 2.102(f) provides "an institutional revocation hearing shall be held within ninety days from the retaking of the parolee on the parole

violation warrant." Under the facts presented here, the revocation hearing held on March 6, 2006, was untimely.[3]

The remedy for a delayed revocation hearing is a writ of mandamus compelling the Parole Commission to hold a hearing. See Bryant v. Grinner, 563 F.2d 871, 872 (7th Cir.1977). Mere delay in a parole revocation hearing does not constitute a violation of due process, nor does it necessitate habeas corpus relief. See Heath v. U.S. Parole Commission, 788 F.2d 85, 89 (2d Cir.1986); Bryant, 563 F.2d at 872. Mandamus is inappropriate here because Petitioner's revocation hearing was conducted on March 18, 2006. His claim is therefore moot. Further, Petitioner does not allege the delay was unreasonable, and he was prejudiced as a result. See Gaddy v. Michael, 519 F. 2d 669, 673 (4th Cir. 1975). In sum, Petitioner has failed to demonstrate that habeas corpus relief is warranted.

Accordingly, the petition will be dismissed and denied. A separate Order will be entered in accordance with this Memorandum.

May 16, 2006                          /s/
Date                                  Alexander Williams, Jr.
                                        United States District Judge

---

[3] The parole violator warrant was executed on October 18, 2005, and the institutional revocation hearing should have been held by not later than January 18, 2006. Accordingly, the delay was approximately two months.